# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 23-50684
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Adam Chavez,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-675-16

_____

Before Haynes, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Adam Chavez, federal prisoner # 87024-280, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release.

In his brief on appeal, Chavez renews his argument that the unavailability of the categorical approach at the time of sentencing for his

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

racketeering conspiracy conviction resulted in an unusually long sentence, which constituted an extraordinary and compelling reason for a sentence reduction under U.S.S.G. § 1B1.13(b)(6), which took effect on November 1, 2023. Chavez also renews his argument that since his sentencing, he has sought rehabilitation, has maintained employment, has severed all ties with the criminal enterprise, and has cooperated by providing information regarding the enterprise. In addition, Chavez challenges the district court's reliance on the 18 U.S.C. § 3553(a)(2)(A) sentencing factors.

Despite Chavez's argument to the contrary, § 3582(c)(1)(A) broadly allows for the consideration of the § 3553(a) factors, without any exceptions. *See* § 3582(c)(1)(A). Additionally, the record reflects that the district court explicitly considered the relevant § 3553(a) factors and determined that they weighed against granting a reduction in sentence. In particular, the district court considered the nature, circumstances, and seriousness of the offense; the need to protect the public and deter further crimes; the applicable Sentencing Guidelines; and the need to avoid unwarranted sentencing disparities. *See* § 3553(a)(1), (2)(A)-(C), (3)-(6). Chavez's disagreement with the district court's weighing of the § 3553(a) factors is not a basis for determining that the district court abused its discretion. *See United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Because Chavez has failed to demonstrate that there is a nonfrivolous argument that the district court abused its discretion by denying relief based on the balancing of the § 3553(a) factors, we need not consider his arguments regarding extraordinary and compelling reasons. *See United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693-94.

Accordingly, his motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.